ROBBERSON v. BOARD of COUNTY COM'RS, NOBLE COUNTY.

No. 14673—Opinion Filed Dec. 30, 1924.

Rehearing Denied April 21, 1925.

1. Judges—Removal of County Judge—Sufficiency of Petition.

A petition that alleges that defendant is county judge; that he is laboring under some mental disease or derangement which disqualifies him to perform the duties of the office; that he has been and is guilty of habitual neglect of duty, and states a particular instance; and that he has been and is guilty of oppression in office, and states one or more instances, while erroneous as to the mental charge, is sufficient to state a cause of action for removal from office on the ground of habitual or willful neglect of duty and oppression in office, and is good against a general demurrer.

2. Same—Elimination of Part of Grounds.

Where the petition for removal from office alleges mental disease or derangement as one ground and neglect of duty and oppression as the other grounds for removal, and the issues are tried to the court and the court rules, at the beginning of the trial, that mental disease or derangement is not a ground for removal from office and not an issue in the case and refuses to consider evidence on this issue, the defendant cannot complain of this allegation in the petition.

3. Same—Removal of County Judge—Sufficiency of Evidence.

The evidence examined, and held, sufficient to sustain the judgment.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Noble County; Claude Duval, Judge.

Action by Board of County Commissioners against Ollie B. Robberson for removal as County Judge. Judgment for plaintiff, and defendant brings error. Affirmed.

Ben F. Williams. John E. Luttrell. and Chas. H. Garnett, for plaintiff in error.

Joe W. Howard and Baxter Taylor, for defendant in error.

Opinion by THREADGILL, C. This was a special proceeding in the district court of Noble county under article 4, chapter 7, Comp. Stats. 1921, to remove the defendant as county judge from office. The petition was filed April 28, 1923, by the board of county commissioners. As grounds for the removal the petition alleged mental disease or derangement, habitual neglect of duty, and oppression in office. The neglect of duty and oppression were to the effect that the defendant "treats members of the bar with utter comtempt," and informs them that it would be well for them to study and learn the law; that when legal papers are presented to him for him to sign, he refuses often to sign them, claiming, they are not according to law, but refuses, to say wherein they are defective, or why they are not according to law; on one occasion, a member of the bar presented a legal paper to be signed, and he refused to sign it on the ground that it was not legal, and, upon being asked by the said member of the bar wherein it was not legal, defendant ordered him out of the court room, and, without waiting for him exit, assisted him out by seizing him by the arm, and abruptly leading him to the door and angrily pushed him out and closed the door; that a defendant in a criminal action, by the name of Clark, was brought before his court and pleaded guilty of driving an automobile without a license tag and insisted on paying his fine at once, but the county judge refused to fix the amount of the fine and committed him to jail with instructions that no one be permitted to talk or communicate with him except by permit from him.

The petition further states:

"That the business of said court is hampered to such an extent by the condition and conduct of the defendant, that the public is caused to suffer great inconvenience and loss on account thereof, and it is imperative that an order be made at once suspending said defendant from said office of county judge, and your informants pray that such order be made part of the charge of this court suspending said defendant from office pending investigation."

On April 30, 1923, the court made an order suspending the defendant from office pending the proceedings in court. The same day the defendant filed his answer to the petition consisting of a general denial. May 4th, the court made a supplemental order requiring the defendant to turn over to the temporary judge, appointed by the county commissioners, the office, keys, records, and everything pertaining to the office. May 4th, defendant filed an instrument designated as "motion, and demurrer," asking that the action be dismissed on the ground that the facts stated were not sufficient to state a cause of action and give the court jurisdiction. The same was overruled, and the cause was set for trial for the next day. May 16th, the cause was called, and both parties being present. waived a jury and tried the issues to the court, resulting in a judgment against the defendant. At the close of the evidence, argument being waived, the court stated as follows:

"The court finds that Ollie B. Robberson is guilty of the offense of oppression charged in the information, and the judgment will be rendered accordingly, removing him from the office of county judge, and the order will be drawn in proper form, and will be entered accordingly."

The journal entry following this announcement of the court recites as follows:

"That the defendant is guilty of willful neglect of duty and oppression in office, as charged in the petition herein and should be removed from the office as county judge of Noble county, Okla.. but that judgment on these findings be deferred until May 21, 1923."

Thereafter, on June 21, 1923, the court overruled the motion for new trial and rendered judgment on the findings, as above stated, removing the defendant from office, and the defendant brings the case here for review, asking for a reversal on various assignments of error urged under three propositions:

(1) That the petition does not state facts sufficient to constitute a cause of action against the defendant, or to support the judgment of the court.

(2) That insanity as charged in the petition was the principal issue in the trial of the case, and this issue was not decided by the court, and the defendant was not represented by a guardian ad litem.

(3) That the evidence introduced at the trial was insufficient to support the findings and judgment of the court.

1. Under the first proposition, defendant contends that the petition is too general and indefinite to state any ground for removal from office. We think this contention is good as to the first ground stated, that of mental disease or derangement. The fact of insanity is not a ground for removal from office as provided by section 2394, Comp. Stats. 1921. and by proper objection defendant could

have had this charge eliminated from the petition before answer, and this the court did in the trial of the case by refusing to consider any evidence on this issue. Even if mental derangement were a cause for removal from office, and if it had been properly alleged in the petition, we do not think there is any evidence in the record showing acts of mental aberration or any abnormal condition of mind. Sanity is presumed in favor of all persons until the contrary is shown. Insanity is a matter of diagnosis, and the fact must be determined from the symptoms. Insanity is not charged in the petition, there being no symptoms stated, and the record discloses that the defendant was far above the average in astuteness as a lawyer in representing himself in the trial of the case considering his age and experience. We cannot see where the defendant's cause was prejudiced by the attempt in the petition to charge him with mental derangement. His case was tried to the court and the court protected him from any injury under this charge.

As to the other two grounds stated in the petition, we think they could have been alleged more definitely, but defendant did not ask for it. It is stated that he refused to sign legal papers when presented to him by members of the bar, and then a particular instance was given; and also stated that he was oppressive in the administration of his office. and then two particular instances are given: First, in which he directed a member of the bar to get out of his office while he was offering to attend to legal business, and then assisted him in getting out by shoving him out of the door in an angry manner and closing it against him. In the other case, by stating that a defendant was brought before him charged with driving an automobile without a license, and pleaded guilty, and desired to pay the fine the court might assess, and the defendant would not assess the fine, but committed him to jail without privilege of communicating with any one except by order from him.

Counsel argue that the act of the court in committing the said Clark to jail was not an act of oppression, because several reasons could be indulged for sending him to jail without passing sentence upon him, and without allowing him to pay his fine at that time. One reason being that the court might not have been fully advised as to what fine should be assessed, whether the maximum $100 or less. This argument is not to the point and is only speculative. The act was alleged as an act of oppression, which de-

pended upon the proof. Any reasons justifying the act would be defensive, but as a matter of fact the reasons suggested by counsel were not offered as defense in the trial of the case. Defendant admitted that he sent Clark to jail, not for the purpose of studying the case to deal out to him a proper fine, but for the purpose of studying imaginary suspicions that the lawyers of the bar or some of them were not acting in good faith with the court in the matter of continuances for defendants charged with misdemeanors.

We think the allegations of the petition, under section 2396, Comp. Stats. 1921, were sufficient to state a cause of action against defendant and good against a general demurrer, and defendant's contention under this proposition is without merit.

2. Defendant's second proposition is based upon the presumption that the principal issue in the trial of the case was the insanity of defendant. But this hypothesis cannot be indulged. The court announced, at the beginning of the trial, that insanity was not a ground for removal from office, and, although the plaintiff tried to make it an issue, the court rejected it and further on in the trial stated he would not consider any evidence on this issue, and the judgment rendered is consistent with the court's attitude in the matter. It makes no difference what the contention of the plaintiff was in this respect, since the court directed the trial and protected the defendant against any charge of mental derangement. The plaintiff makes no objection to this ruling of the court, and it is elementary that the defendant cannot complain since the rule of the court was in his favor. Counsel cite many authorities to show that a person charged with insanity cannot be proceeded against without proper representation, and this court is in hearty accord with these authorities, but they have no application here, because there is no question of insanity in this case.

3. Under the third proposition, defendant contends that the findings and judgment of the trial court are inconsistent with the allegations of the accusation and the evidence. We cannot see any merit in this contention. The petition charged "habitual neglect of duty" in refusing to sign legal papers, and recites one instance, and the further charge was made that the defendant "has been guilty of oppression in office" and recites two instances. The evidence introduced takes a wide range as to the defendant's general and particular conduct during

the few months he was in office and while it was conflicting as to some of the facts proven and the motives and temper of the defendant, in his attitude toward the members of the bar and officers of his court. and persons transacting business voluntarily or involuntarily in his court, we think it was amply sufficient to sustain the allegations of oppression alleged in the petition, and while there is not much evidence as to the charge of neglect of duty, there is some evidence as to his refusal to entertain and sign papers in some cases in his court. The court in its first announcement only found the defendant guilty of oppression; this was his announcement from the bench at the close of the trial. The journal entry following found neglect of duty and oppression, and the judgment finally entered is based upon the findings of the court as theretofore made. We cannot see where it was error of the court to announce from the bench that he found the defendant guilty of oppression and, thereafter, during the term of the court, and before the defendant filed his motion for a new trial, to make an additional finding for neglect of duty, and we do not think it makes any difference whether the neglect of duty was habitual or willful, nor do we think it would make any difference if the petition alleged neglect of duty as habitual, and the finding of the court used the language "willful" in the finding of the judgment, nor do counsel, in their brief on this point, give us any good reason for their contention, or recite any authority supporting the same. Even if the finding of the court for neglect of duty is erroneous and not supported by the evidence, and the allegation of oppression is supported by the evidence, the proof of this allegation would be sufficient upon which to base the judgment or removal from office, and we cannot see where the defendant would be prejudiced by lack of proof, or an erroneous finding as to neglect of duty, as proof of one or both of these allegations would support the judgment.

It is a matter of profound regret when a man is elected to office that he should forget that he is chosen by the people to be a servant for them in the administration of the affairs of the office, and that he should forget to be courteous and reasonable with persons having business with the office, and that he should assume an austere, egotistical. dogmatic and tyrannical attitude toward the public and those assisting him in the administration of the office.

We think the judgment of the court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1, 2, 3) 33 C. J. p. 945.